IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2180-FL

| | | |
|---|---|---|
| BRENDA WILLIAMS GARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Respondents.[1] | ) | |

Petitioner, a state inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss (DE 15). The motion was fully briefed and thus the issues raised are ripe for decision. For the reasons stated below, the court grants respondent's motion and dismisses the petition as time barred.

## BACKGROUND

On August 29, 2012, a jury convicted petitioner of four counts of discharging a firearm into an occupied vehicle, and the state court sentenced her to four terms of 66-89 months' imprisonment. (Pet. (DE 1) ¶¶ 2, 5; J. & Commitment (DE 16-7)). The state court ordered the sentences on the first two counts to run consecutively, and the sentences on the third and fourth two counts to run consecutively. (J. & Commitment (DE 16-7). Petitioner appealed her conviction and sentence. On

---

[1]Petitioner named "State of North Carolina" as respondent in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent represents that Erik A. Hooks ("Hooks"), the Secretary of the North Carolina Department of Public Safety, and other unidentified parties designated "et al." are the proper respondents in this action. (DE 15 at 1). The court has constructively amended the case caption to reflect that "Erik A. Hooks et al." are respondents in this action, and the clerk is DIRECTED to so amend the caption on the docket.

October 15, 2013, the North Carolina Court of Appeals affirmed her conviction and sentence, but remanded for correction of a clerical error in the original judgment. State v. Garner, No. COA13-182, 2013 WL 5629146 (N.C. Ct. App. Oct. 15, 2013) (unpublished). Petitioner did not file a petition for discretionary review seeking review of the court of appeals' decision. On December 4, 2013, the state court entered amended judgment and commitment order correcting the clerical error. (J. & Commitment (DE 16-7). Petitioner did not file appeal after entry of the amended judgment. On June 26, 2017, however, petitioner mailed correspondence to the resident superior court judge in Wayne County, North Carolina, arguing that her conviction and sentence should vacated based on various constitutional violations.

Petitioner signed the instant federal habeas petition on October 1, 2017, and filed amended petition on October 16, 2017. Petitioner alleges the following claims for relief: 1) her constitutional rights were violated because she was placed in handcuffs before she was charged with a crime, the officers did not provide a Miranda warning before taking her into custody, she was taken into custody and locked in a room, the trial court denied her request to have a witness testify, the State's witness changed his testimony during trial, the trial court denied her motion to dismiss, she was not given a bond after her arrest, she was compelled to consent to a search of her car, and the trial court informed her that if she did not accept a plea bargain she would receive the maximum possible sentence; 2) ineffective assistance of counsel because trial counsel failed to address the issues set forth above; 3) she was convicted of four counts of discharging a firearm into an occupied vehicle despite no eyewitnesses and that the State did not conduct ballistic analyses to confirm four shots were fired; and 4) her original judgment and commitment order erroneously ran her sentence on count three consecutively to the sentences on the remaining counts, resulting in a maximum potential

term of imprisonment of 22 years.[2] (Pet. (DE 4) ¶ 12).

On June 18, 2018, respondent filed the instant motion to dismiss, arguing that the petition is time barred. Petitioner timely filed response in opposition.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the petition contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In a federal habeas action, the court may consider a statute of limitations defense raised by respondent in a Rule 12(b)(6) motion if the petitioner has been afforded an opportunity to demonstrate the petition is timely. See Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002).

B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]This error was corrected on appeal and the trial court thereafter entered an amended judgment providing that only two of her four 66-89 month terms were to run consecutively. Garner, 2013 WL 5629146, at *11; (J. & Commitment (DE 16-7)). Petitioner does not assert that the department of public safety failed to update her anticipated release date after the amended judgment and commitment issued.

3

> B) the date on which the impediment to filing an application . . . is removed . . .;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year statute of limitations is tolled, however, during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

The statutory period began to run in this case on the date petitioner's amended judgment became final. The trial court entered the amended judgment on December 4, 2013, and petitioner did not appeal. The judgment therefore became final when the time limit for filing an appeal expired. 28 U.S.C. § 2241(d)(1)(A) (limitations period begins to run on "the expiration of the time for seeking" appellate review); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). North Carolina law provides that a criminal defendant has 14 days after entry of judgment to file a notice of appeal. N.C. R. App. P. 4(a) (2013). Accordingly, the § 2241(d)(1) statute of limitations began to run in this case on December 18, 2013.

Petitioner also did not file an application for state post-conviction relief before the one-year statute of limitations expired on December 18, 2014. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (holding time period between conclusion of direct review and filing state post conviction motion is not tolled). The instant habeas petition was filed on October 1, 2018, and it is therefore untimely.

Additionally, petitioner does not qualify for any of the alternative statutes of limitations set forth in § 2244(d)(1)(A). Petitioner does not allege that her claims are based on a new rule of constitutional law made retroactive to cases on collateral review, or that the factual predicate of the claims could not have been discovered through the exercise of ordinary diligence until after her conviction became final. See 28 U.S.C. § 2244(d)(1)(C)-(D). Additionally, petitioner has presented no evidence suggesting a state impediment prevented her from filing earlier. Id. § 2244(d)(1)(B).

Petitioner also is not entitled to equitable tolling of the statute of limitations. Although the purpose of AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from [complying with the statute of limitations]." Id. (citation and quotations omitted). Petitioner has failed to allege that extraordinary circumstances prevented her from complying with the one-year statute of limitations.

B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis,137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the foregoing reasons, the court GRANTS respondent's motion to dismiss (DE 15) and DENIES a certificate of appealability. The clerk is DIRECTED to close this case, and to amend the

6

caption on the docket as set forth above in footnote one.

SO ORDERED, this the 5th day of March, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge